IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLOOM AUTOMATION, INC., ) ) Plaintiff, ) ) v. ) ) ETEROS TECHNOLOGIES USA, INC., ) ) Defendant. ) | Civil Action No.: _____ |

**COMPLAINT**

Plaintiff Bloom Automation, Inc. ("Plaintiff," or "Bloom"), for its Complaint against Defendant Eteros Technologies USA, Inc. ("Defendant," or "Eteros"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is a straightforward breach of contract action between diverse parties for Defendant's failure to pay on a promissory note. The material facts are undisputed and enumerated in Plaintiff's Concise Statement of Undisputed Material Facts.[1] The essential undisputed material facts are as follows: Plaintiff Bloom sold substantially all its assets to Defendant Eteros via an asset purchase agreement. Eteros ultimately agreed to pay Bloom through the parties' amended Secured Promissory Note dated June 13, 2024 (the "Note").[2] But Eteros stopped paying under the Note. Eteros's failure to make its payments constitutes a material, uncured breach. As is proper under the Note, Bloom has accelerated all amounts due and owing. Per the Note's terms, Eteros owes $455,493.94 in principal, monthly interest rate of 1.25% accruing since its material breach

---

[1] Because there are no genuine issues of material fact, and because the Note entitles Bloom to judgment as a matter of law, Bloom has contemporaneously filed with this Complaint a motion for summary judgment.

[2] A true and correct copy of the amended Secured Promissory Note dated June 13, 2024 is attached hereto as **Exhibit A.**

on April 30, 2025, and all of Bloom's attorneys' fees, costs, and expenses incurred in connection with collecting Eteros's unpaid amounts, in an amount to be determined by the Court and reduced to a judgment.

## PARTIES

2.  Plaintiff Bloom is a Delaware corporation with a principal place of business at 14 Tainter Street, Unit 3, Medford, MA 02155.

3.  Defendant Eteros is a Washington corporation with a principal place of business at 6175 South Sandhill Road, Unit 600, Las Vegas, Nevada 89120.

## JURISDICTION AND VENUE

4.  The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332, because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

5.  This Court has personal jurisdiction over Eteros because, among other things, Eteros expressly consented to jurisdiction in this Court in Section 7(h) of the Note.[3] Also, Eteros regularly and systematically transacts business in the Commonwealth of Massachusetts; has an interest in, uses, or possesses real property located in the Commonwealth of Massachusetts; employs residents of the Commonwealth of Massachusetts for employment inside or outside the Commonwealth; has purposefully availed itself of the privileges of conducting business in the Commonwealth of Massachusetts; and distributes, makes available, imports, sells, and offers to sell products and services throughout the United States, including in the Commonwealth of Massachusetts. *See* Mass. Gen. L. ch. 223A, § 3.

---

[3]   The parties also agreed to jurisdiction in this Court in Section 7.1 of the parties' underlying Asset Purchase Agreement. A true and correct copy of the Asset Purchase Agreement dated June 2, 2022 is attached hereto as **Exhibit B**.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because, among other things, the parties agreed to venue in this Court in Section 7(h) of the Note and Section 7.1 of the Asset Purchase Agreement, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

7. On or about June 2, 2022, Bloom entered into the Asset Purchase Agreement with Eteros, in which Eteros agreed to purchase substantially all of Bloom's assets (collectively, the "Acquired Assets" or the "Assets"). (*See* Ex. B, § 1.1).

8. In conformity with the Asset Purchase Agreement, on June 2, 2022, Bloom conveyed to Eteros all of Bloom's Assets, and Eteros delivered to Bloom its original Secured Promissory Note (the "Original Note") in the face amount of $1,400,000.00. (*See* Ex. B, § 2.1)

9. Within the first year after Eteros made and delivered the Original Note and took possession of all of Bloom's Assets, Eteros defaulted under the Original Note, and on or about June 13, 2024, the parties agreed to the Note. (*See* Ex. A)

10. The Note plainly states that Eteros "unconditionally promises to pay" Bloom a fixed principal amount of $750,000, together with interest, as defined in the Note, in twenty-four (24) equal monthly installments of $34,600.00, payable on the last day of each calendar month from June 30, 2024, through May 31, 2026. (Ex. A, at 1; Ex. A, §§ 1, 2, 4(a)(i)).

11. Only ten months later, on April 30, 2025, Eteros ceased making the payments on the Note, and has never made another payment to Bloom since that date.

12. Eteros's failure to make each of these required payments under the Note constitutes an Event of Default unless cured within five days of the applicable Payment Date, as defined in the Note. (*See* Ex. A, § 4(a)).

13. Eteros materially breached and defaulted under the Note by failing to make these payments or to cure its failures and default.

14. Under the Note, in the event of any missed, uncured payment, Bloom is entitled to accelerate the entire outstanding principal balance, together with accrued and accruing interest, so that all amounts due are immediately due and payable in full. (*See* Ex. A, § 5).

15. On December 22, 2025, Bloom properly notified Eteros in writing of its default. Bloom also accelerated Eteros's obligations under the Note and declared the entire outstanding amount immediately due and payable. *See* Notice of Event of Default and Acceleration ("Notice of Default") dated December 22, 2025, a true and correct copy of which is attached hereto as **Exhibit C**.

16. Eteros has not contested its default under and a material breach of the Note.

17. Eteros continues to have full use and enjoyment of the Assets.

18. As of the Notice of Default, Eteros's unpaid principal balance due under the Note is $455,493.94, exclusive of accrued and accruing interest, default interest, and collection and enforcement costs including legal fees and expenses incurred by Bloom. (*See* Ex. C, at 2).

19. Bloom brings this action to recover the amounts owed, including, but not limited to, the unpaid principal, the accrued and accruing interest at the default interest rate of 1.25% per month until paid, and the costs and expenses of collection, including its reasonable attorneys' fees and expenses for enforcement of the Note. (*See* Ex. A, §§ 6(g), 7(a)).

## **COUNT I:  BREACH OF CONTRACT**

20. Bloom realleges and incorporates by reference the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

21. The Note is a valid, unconditional, and binding contract between Bloom and Eteros.

22. At all times, Bloom fully complied with its obligations under the Note, including providing written notice to Eteros of Eteros's breaches. (Ex. A, § 4(a)).

23. Eteros materially breached the Note by failing to make required payments due under the Note and failing to cure those breaches.

24. As a result of Eteros's uncured breaches of the Note, and in accordance with the Note's terms, Bloom accelerated the Note and declared the entire outstanding amount immediately due under the Note. (Ex. C, at 1).

25. Eteros has refused to pay the accelerated amount due, nor cure any of its other failures to pay amounts past due under the Note.

26. As a direct and proximate result of Eteros's material breaches of the Note, Bloom has suffered damages in an amount of at least $455,493.94 in unpaid principal, exclusive of accrued and accruing interest, default interest, attorneys' fees, and enforcement costs. (*See* Ex. C).

27. As a result of Eteros's default and uncured breaches of the Note, Bloom has and will continue to incur reasonable attorneys' fees and costs enforcing and collecting under the Note.

28. Due to Eteros's material breaches of the Note, Eteros is required to reimburse Bloom for Bloom's reasonable attorneys' fees and costs incurred in connection with the enforcement of the Note, in an amount to be determined by the Court per Fed. R. Civ. P. 54. (Ex. A, §§ 6(g), 7(a)).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bloom respectfully requests that this Court enter judgment in its favor and against Defendant Eteros Technologies USA, Inc. as follows:

A. A judgment that Eteros is liable for material breach of the Note;

B. An award of damages adequate to compensate Bloom for its damages in the amount of the unpaid principal due under the Note, currently, at least $455,493.94, together with all accrued and accruing interest and default interest as provided by the Note;

C. Bloom's reasonable attorneys' fees, costs, and expenses in an amount to be determined by the Court per Fed. R. Civ. P. 54; and

D. Such other and further relief, whether legal or equitable, as the Court deems just and proper.

DATED: February 6, 2026

Respectfully submitted,

/s/ *David L. Feinberg*
David L. Feinberg (BBO# 666805)
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
T: (202) 344-8278
F: (202) 344-8300
DLFeinberg@venable.com

*Attorney for Plaintiff Bloom Automation, Inc.*