UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BLOOM AUTOMATION, INC.,

*Plaintiff,*

v.

ETEROS TECHNOLOGIES USA, INC.,

*Defendant.*

---

ETEROS TECHNOLOGIES USA, INC.,

*Counterclaim-Plaintiff,*

v.

BLOOM AUTOMATION, INC., and
JON GOWA,

*Counterclaim-Defendants.*

Case No.: 1:26-cv-10599-NMG

**DEFENDANT ETEROS TECHNOLOGIES USA, INC.'S OPPOSITION TO
PLAINTIFF BLOOM AUTOMATION, INC.'S MOTION FOR SUMMARY JUDGMENT**

## I.   INTRODUCTION

Plaintiff Bloom Automation, Inc.'s ("Bloom") Complaint (Dkt. # 1) and Motion for

Summary Judgment ("Motion") (Dkt. # 5) portrays this as the simplest of cases. Nothing could

be further from the truth. As detailed in Eteros Technologies USA, Inc.'s ("Eteros") answer and

counterclaims, the assets Eteros purchased were fraudulently misrepresented, and Bloom

shareholders Jon and Andy Gowa have waged a years-long campaign to harass Eteros –

including Jon Gowa violating the terms of his separation agreement and starting a competing

company offering the exact same technology Eteros purchased exclusive right to.

## II.    LEGAL AUTHORITY

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is considered "genuine" when "the evidence of record permits a rational factfinder to resolve it in favor of either party." *Borges ex rel. S.M.B.W. v. Serrano- Isern*, 605 F.3d 1, 4-5 (1st Cir. 2010) (citing *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)). At summary judgment, the Court reviews "the entire record in the light most hospitable to the party opposing summary judgment." *Podiatrist Ass'n v. La Cruz Azul de P.R., Inc.*, 332 F.3d 6, 13 (1st Cir. 2003) (quoting *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990)). Where inferences are to be drawn from the record, those inferences "must be viewed in the light most favorable to the party opposing the motion." *Oleskey ex rel. Boumediene v. U.S. Dep't of Def.*, 658 F. Supp. 2d 288, 294 (D. Mass. 2009) (citing *Founding Church of Scientology of Wash., D.C., Inc. v. Nat'l Sec. Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979)).

A litigant who "justifiably needs additional time to respond in an effective manner to a summary judgment motion" may invoke Federal Rule of Civil Procedure 56(d). *Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 28 (1st Cir. 2013). Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it." Fed. R. Civ. P. 56(d). "Rule 56(d) serves a valuable purpose." *Rivera-Almodóvar*, 730 F.3d at 28.  "Consistent with the salutary purposes underlying Rule 56(f),[1] district courts should construe motions that invoke the rule generously, holding parties to

---

[1]  "Rule 56(d) was formerly Rule 56(f)," and "the textual differences between current Rule 56(d) and former Rule 56(f) are purely stylistic."  *Nieves-Romero v. United States*, 715 F.3d 375, 381 n.3 (1st Cir. 2013).  Therefore, "case law developed under former Rule 56(f) remains controlling, and [courts in the First Circuit] cite to it where applicable." *Id.*

2

the rule's spirit rather than its letter." *Resolution Trust Corp. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994). Thus, Rule 56(d) "provides a safety valve for claimants genuinely in need of further time to marshal 'facts, essential to justify [their] opposition . . . to a summary judgment motion.'" *Reid v. New Hampshire*, 56 F.3d 332, 341 (1st Cir. 1995) (internal citations omitted).

Under Rule 56(d), the moving party must meet five categorical requirements: "authoritativeness, timeliness, good cause, utility, and materiality." *Resolution Trust Corp.*, 22 F.3d at 1203.  It should be noted that "these requirements are not inflexible and…one or more of the requirements may be relaxed, or even excused, to address the exigencies of a given case." *Id*. For example, an exigent circumstance occurs when a party has <u>no</u> opportunity to take discovery before responding to summary judgment. *See CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) When all the requirements are satisfied, "a strong presumption arises in favor of relief." *Resolution Trust Corp.*, 22 F.3d at 1203.

### III.    <u>LEGAL ARGUMENT</u>

As demonstrated herein, Eteros has satisfied all five elements required by Rule 56(d): "'authoritativeness, timeliness, good cause, utility, and materiality.'" *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 725 (1st Cir. 2022) (quoting *Resol. Tr. Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994)). By the supporting Affidavit of Ian R. Walsworth ("Rule 56(d) Affidavit") filed concurrently herewith, Eteros has provided the court "with a timely statement … that (i) explains [its] current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion." *Id*. (quoting *Vélez v. Awning Windows, Inc.*, 375 F.3d 35, 40 (1st Cir. 2004)). Accordingly, Plaintiff's Motion should be denied pursuant to Rule 56(d).

3

### A. First and Second Factors

The Rule 56 Affidavit meets the first and second requirements of "authoritativeness" and "timeliness." Eteros promptly invoked Rule 56(d) once mediation efforts of the parties were unsuccessful – within one week. Eteros timely served the Rule 56 Affidavit in response to Plaintiff's Motion for summary judgment. The Rule 56 Affidavit is an authoritative, stand-alone affidavit signed by counsel for Eteros.

These two factors favor Eteros.

### B. Third Factor

As to the third factor, the Rule 56 Affidavit demonstrates "good cause for [Eteros'] inability to have discovered or marshalled the necessary facts earlier in the proceedings." *Mir-Yépez v. Banco Popular de P.R.*, 560 F.3d 14, 16 (1st Cir. 2009) (quoting *Rivera-Torres v. Rey-Hernández*, 502 F.3d 7, 10 (1st Cir. 2007)). Plaintiff filed its Motion simultaneously with its Complaint. Eteros has only just filed its answer on this date, the court has not convened a Rule 16 hearing, the parties have not conducted a Rule 26(f) conference or exchanged Rule 26(a)(1) disclosures, and fact discovery has not commenced. Indeed, indeed, there has been no discovery period for Eteros to discover the facts necessary to respond to summary judgment.

"Typically, when the parties have <u>no</u> opportunity for discovery, denying the Rule 56(f) motion and ruling on a summary judgment motion is likely to be an abuse of discretion." *CenTra*, 538 F.3d at 420 (emphasis added). Here, plaintiff has produced no documents, or even identified categories of documents in their possession, custody or control. Plaintiff has not voluntarily turned over any documents pertinent to the Rule 56 Affidavit, and the parties have not had an opportunity to take a single deposition. "[W]hether good cause exists for additional discovery 'must be viewed against the historical background of the litigation.'" *Emigrant*

*Residential*, 37 F.4th at 726 (quoting *N. Bridge Assocs.*, 22 F.3d at 1205). Here, the historical background, including Eteros' good faith efforts to resolve this dispute without litigation, favors an order permitting discovery before summary judgment on the entirety of plaintiff's case is decided.

Having shown good cause, this factor also favors Eteros.

### C.  Fourth Factor

To satisfy "utility", Eteros must show "a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time." *Rivera-Torres*, 502 F.3d at 10.  In the Rule 56 Affidavit, Eteros points to numerous factual issues that directly bear on the cornerstone issue of whether Plaintiff fully performed under the Asset Purchase Agreement. Further, the majority of the information sought is within plaintiff's control, "a factor which weighs heavily in favor of relief under Rule 56(f)." *Reid*, 56 F.3d at 342; *see also* fn. 1, *supra*. In addition, the Rule 56 Affidavit describes several categories of information and documents about which Plaintiff's adverse witnesses are likely to have information, such as misrepresentations about the state of the technology to Eteros when it was known to Plaintiff that the technology did not operate at the level represented; Jon Gowa's repeated interference with Eteros' use of the technology and attempts to misappropriate and misuse the sold technology; and Jon and Andy Gowa's creation of a competing company (October Automation, Inc.) marketing the same technology Plaintiff sold exclusively to Eteros.

This factor also favors Eteros.

### D.  Fifth Factor

To demonstrate the fifth requirement of "materiality," the Rule 56 Affidavit "should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary

5

judgment motion." *Resolution Trust Corp.*, 22 F.3d at 1203. However, since "[e]valuating the potential significance of unknown facts in regard to unadjudicated issues is something of a metaphysical exercise…the threshold of materiality at this stage of a case is necessarily low." *Id.* at 1207.

The Rule 56 Affidavit articulates how the discovery sought pertains to material facts in dispute between the parties, specifically the fact that Bloom fell far short of fully performing under the Asset Purchase Agreement. In particular, Eteros strongly disputes Plaintiff's claims (Dkt. # 1, ¶¶ 8, 17) that Eteros properly received all of Bloom's Assets pursuant to the Asset Purchase Agreement and has had full use and enjoyment of them.

The fifth factor favors Eteros.

## IV.   CONCLUSION

Where a party's case "turns so largely on their ability to secure evidence within the possession of [plaintiff], courts should not render summary judgment because of gaps in a [defendant]'s proof without first determining that [defendant] has had a fair chance to obtain necessary and available evidence from the other party." *Carmona*, 215 F.3d at 133. Here, Eteros had <u>no</u> opportunity to obtain necessary and available evidence from Plaintiff.

The Rule 56(d) Affidavit establishes all five requirements favor Eteros, and so "a strong presumption arises in favor of relief." *Resolution Trust Corp.*, 22 F.3d at 1203. Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, then the district "court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

6

Eteros respectfully requests an order denying Plaintiff's Motion with leave to re-file after Eteros has had an opportunity to conduct the necessary discovery to rebut Plaintiff's Motion. Eteros further asks the court to enter any further order(s) necessary to provide Eteros with the relief requested herein.

Dated: May 6, 2026

Respectfully submitted,

ETEROS TECHNOLOGIES USA, INC.,

By its attorneys,

*/s/ Stephen D. Riden*

Stephen D. Riden, BBO No. 644451
Beck Reed Riden LLP
155 Federal Street, Suite 1302
Boston, Massachusetts  02110
(617) 500-8660 Telephone
(617) 500-8665 Facsimile
*sriden@beckreed.com*

Ian Walsworth (*pro hac vice* forthcoming)
Adam Yowell (*pro hac vice* forthcoming)
999 18th Street, Suite 3000
Denver, CO 80202
Telephone (303) 803-6158
*ian.walsworth@fisherbroyles.com*
*adam.yowell@fisherbroyles.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and that a copy of this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filings and paper copies of the document will be sent to those indicated as non-registered participants.

Dated: May 6, 2026

*/s/ Stephen Riden*