UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BLOOM AUTOMATION, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ETEROS TECHNOLOGIES USA, INC., <br><br> *Defendant.* | Case No.: 1:26-cv-10599-NMG |
| ETEROS TECHNOLOGIES USA, INC., <br><br> *Counterclaim-Plaintiff,* <br><br> v. <br><br> BLOOM AUTOMATION, INC., and JON GOWA, <br><br> *Counterclaim-Defendants*. |  |

**AFFIDAVIT OF IAN WALSWORTH PURUSANT TO FED. R. RIV. P. 56(d)**
**IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I, Ian Walsworth, state as follows:

1.      I represent Eteros Technologies USA, Inc. ("Eteros"). I am an attorney in the above-captioned action, will be applying for admission *pro hac vice* for this action, and am fully familiar with the facts concerning this litigation. I respectfully submit this affidavit pursuant to Fed. R. Civ. P. 56(d) in opposition to Plaintiff's Motion for Summary Judgment ("Motion") or to support staying the Motion pending discovery.

2.      Defendant makes this application without waiving the right to oppose the Motion including, without limitation, the argument Plaintiff has failed, as a matter of law, to carry their initial, threshold burden for purposes of summary judgment under Fed. R. Civ. P. 56, based on numerous deficiencies in their Motion, as described in Defendant's Opposition to Plaintiff's Motion for Summary Judgment ("Opposition Brief"), and accompanying papers, filed herewith.

### PLAINTIFF'S SUMMARY JUDGMENT MOTION SHOULD BE DENIED PURUSANT TO FED. R. CIV. P. 56(d)

3.      Plaintiff's motion is not supported by any admissible evidence, reliable documents, or other support, in violation of Fed. R. Civ. P. 56(c).

4.      As Plaintiff has prematurely moved for summary judgment prior to discovery, Eteros hereby invokes its right under Fed. R. Civ. P. 56(d) to have the opportunity to conduct discovery to obtain "facts essential to justify their opposition" to summary judgment.

5.      Plaintiff's Motion alleges that the Note was an unconditional promise to pay. ECF 5-2 at ¶ 4. That is not true. Eteros' promise to pay was consideration for the purchase of all right, title, and interest to the Assets. The Note was and is conditioned on Plaintiff's performance under the Asset Purchase Agreement, as Plaintiff tacitly admits. ECF 1 at ¶¶ 8, 17. This is a necessary factual predicate for Plaintiff's claim that is materially in dispute.

6.      Plaintiff's Motion alleges that there is no dispute that Bloom performed under the Asset Purchase Agreement. ECF 5-1 at 3. This is not true, and Eteros vigorously disputes this issue. The only support offered by Plaintiff for this allegation is a single conclusory sentence from the Clifton Declaration. ECF 5-1 at 3; ECF 5-4 at ¶ 14. This is an additional necessary factual predicate for Plaintiff's claim that is disputed.

7.      As set forth in the accompanying Opposition Brief, summary judgment should not be granted here, and Defendant should be permitted to engage in the discovery necessary to rebut Plaintiff's allegations.

8.      Thus far, there has been no discovery from Plaintiff, there has been no Rule 16 hearing, there has been no Rule 26(f) conference, and there have been no Rule 26(a)(1) disclosures.

9.      Critical information necessary to Eteros' opposition to Plaintiff's Motion is in Plaintiff's and its affiliates' hands, particularly Jon and Andrew Gowa. Discovery, both documentary and oral depositions, is highly likely to reveal facts that will clearly show the existence of genuine issues of material fact that preclude granting the Motion.

10.     Defendant believes that discovery also will reveal additional individuals likely to have discoverable information that Defendant may use to support its claims, including present and former employees of Bloom Automation, Inc. and their affiliates.

11.     Defendant requests the foregoing discovery pursuant to Rule 56(d) because it goes directly to the material factual disputes raised by the arguments Plaintiff offers for summary judgment, particularly the allegation that Plaintiff fully performed its obligations under the Asset Purchase Agreement. As set forth in Eteros' Answer and Counterclaims, Eteros has not received the benefit of its bargain under the Asset Purchase Agreement. As detailed in Eteros' Answer,

Affirmative Defenses and Counterclaims filed contemporaneously herewith, the purchased technology was severely overrepresented, has required enormous time and resources from Eteros to reach the level of operation that was promised to already be present four years ago, and Jon Gowa has deliberately interfered with Eteros' rights and property. The Bloom parties, as defined herein, are well aware of these deficiencies as Eteros has directly communicated them on several occasions.

12. Specific factual issues that bear on Eteros' rebuttal arguments to Plaintiff's Motion that are in the possession, custody, or control of Plaintiff, its shareholders, and/or its affiliates ("Bloom parties") include at least the following:

- Documents and information regarding the development, maturity, suitability, and operability of the technology purchased in the Asset Purchase Agreement, including testing and demonstration showing the technology did not operate as represented;

- Documents and information regarding the representations made to Eteros regarding the purchased technology, particularly regarding knowledge of the Bloom parties that the technology did not function at the level represented to Eteros;

- Documents and information regarding the Bloom assets, materials and devices that were wrongly taken by Jon Gowa on the day of his termination, where they were taken, and who received the same;

- Documents and information regarding Jon Gowa's substance abuse and instability, particularly as it relates to the reliability of information provided and representations made to Eteros;

- Documents and information regarding Jon Gowa's refusal to turn over access to the purchased assets, and refusal to provide Eteros with usernames and passwords for numerous important accounts, such as GitHub source code repository for the purchased technology;

- Documents and information regarding Jon Gowa's attempts to steal, misappropriate, or otherwise improperly access the purchased technology, including Gowa's attempts to log into the GitHub account and repository for the purchased technology as recently as April 2026;

- Documents and information regarding the creation and operation of October Automation, Inc., an entity created by Jon and Andrew Gowa, that markets and sells the technology purportedly sold to Eteros by the Asset Purchase Agreement;

- Documents and information regarding misrepresentations made to Eteros by the Bloom parties during renegotiation of and revisions to the Promissory Note; and

- Documents and information regarding misrepresentations made to Eteros by the Bloom parties regarding Jon Gowa's role in Bloom and Jon and Andrew Gowa's interference with the settlement agreement reached by the parties.

13.     Defendant has had no opportunity to obtain documents relevant to the material factual disputes in this litigation. Accordingly, Defendant requests the opportunity to conduct the document discovery directly relevant to the aforementioned material factual disputes, including the documents et forth above and previously requested in Defendant's discovery requests.

14.     In particular, depositions are "widely thought to be the most important step in the formal discovery process," *Subrin et al.,* Civil Procedure: Doctrine, Practice, and Content 350 (2000).  Accordingly, Defendant requests the opportunity to take depositions of at least Kip

Clifton, Jon Gowa, Andrew Gowa, the remaining investors and shareholders of Bloom

Automation and Presidio View Capital Partners, L. P., and the person(s) most knowledgeable for

Bloom Automation.

Signed under the penalties of perjury this 6th day of May, 2026.


/s/ Ian R. Walsworth
Ian R. Walsworth
Counsel for Eteros Technologies USA, Inc.

6

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and that a copy of this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filings and paper copies of the document will be sent to those indicated as non-registered participants.

Dated: May 6, 2026                                   _____