**United States District Court**
**District of Massachusetts**

| | | |
|---|---|---|
| **Bloom Automation, Inc.,**<br>**Plaintiff,**<br>**v.**<br>**Eteros Technologies USA, Inc.,**<br>**Defendant.** | ) | **Civil Action No. 26-10599-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Bloom Automation, Inc. ("plaintiff" or "Bloom") has filed a complaint against defendant Eteros Technologies USA, Inc. ("Eteros" or "defendant"), alleging a breach of contract arising from the amended Secured Promissory Note ("the Note") drawn by defendant in favor of plaintiff. On the same day the complaint was filed, plaintiff moved for summary judgment. Defendant contends summary judgment is premature and that it needs additional time to respond in an effective manner to the motion. For the reasons that follow, the motion for summary judgment will be denied without prejudice.

## I. Facts

Eteros is a designer and manufacturer of cannabis processing equipment. In June, 2022, it entered into an Asset Purchase Agreement ("the APA") with Bloom, a self-described

developer of "Robotics for the Cannabis Industry." Under the APA, Bloom agreed to transfer substantially all of its assets to Eteros in exchange for $400,000 in cash at closing and a $1,000,000 secured promissory note ("the Original Note"). The Original Note was replaced by the Note in June, 2024. In April, 2025, Eteros suspended payments under the Note contending that the purchased technology was fraudulently misrepresented and "did not function at the level represented" during pre-closing discussions.

## II. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists when the evidence, with respect to the material fact

in dispute, "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).

If the non-moving party needs additional time to respond to the summary judgment motion, it may ask for relief under Fed. R. Civ. P. Rule 56(d). Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc., 730 F.3d 23, 28 (1st Cir. 2013). Such a need may arise when the non-moving party has "not had a fair opportunity to conduct necessary discovery." Id. A Rule 56(d) motion must

> 1) be timely; 2) be authoritative; 3) show good cause for failure to discover the relevant facts earlier; 4) establish a plausible basis for believing that the specified facts probably exist, and 5) indicate how those facts will influence the outcome of summary judgment.

Pina v. Children's Place, 740 F.3d 785, 794 (1st Cir. 2014).

## III. Discussion

As briefed by the parties, defendant's entitlement to Rule 56(d) relief turns on the fifth factor, i.e., the materiality of the specified facts. As relevant here, Eteros avers that Bloom

is in possession of documents and information that show that Bloom did not substantially perform under the APA and that Bloom fraudulently induced Eteros into that agreement by misrepresenting its assets.

Bloom responds that the APA is irrelevant to the parties' contractual obligations under the Note, and that, in any event, the integration clauses of the APA and the Note preclude defendant's fraudulent inducement claims.[1] Bloom also contends that defendant's fraudulent inducement claims are time-barred. Those arguments are unavailing.

As an initial matter, the Court does not agree that the APA is immaterial to the operative dispute. Eteros' performance under the Note is plainly conditioned on the performance of Bloom under the APA. Furthermore, plaintiff also identifies potential documents and information related to the Note itself, not just the APA.

The Court also disagrees that the integration clauses in the APA and the Note preclude any claims of fraudulent inducement. Bloom cites case law providing that

> reliance on supposed misrepresentations that contradict the terms of the parties' agreement is unreasonable as a matter of law and so cannot support a fraudulent-inducement claim.

---

[1] Because the Court finds the misrepresentation claims dispositive of the request for Rule 56(d) relief, it declines to address plaintiff's argument that Jon Gowa's alleged conduct cannot be imputed to Bloom.

HSBC Realty Credit Corp. v. O'Neill, 745 F.3d 564, 571 (1st Cir. 2014). That principle is, however, inapposite. As explained by another session of this Court,

> for a party's reliance on prior representations to be unreasonable in light of a subsequent contractual provision, the provision must be "specifically addressed [to] the particular point at issue, [and] directly contradictory to the complained-of misrepresentations."

HC&D, LLC v. Cashman Equip. Corp., 824 F. Supp. 3d 107, 117-18 (D. Mass. 2026) (internal citations omitted) (quoting HSBC, 745 F.3d at 573).

As such, a generic disclaimer does not foreclose a party from reasonably relying on pre-closing representations that are not specifically and directly contradicted by the final contract. Compare Turner v. Johnson & Johnson, 809 F.2d 90, 97 (1st Cir. 1986) (rejecting fraudulent-inducement claim based on alleged promise to promote product because the final contract expressly disclaimed any obligation to market the product) with Sax v. DiPrete, 639 F. Supp. 2d 165, 173-74 (D. Mass. 2009) (concluding that generic integration clause did not bar fraudulent-inducement claim based on "extrinsic buy-in discussions" because the final contract contained no buy-in terms at all).

Here, Bloom has not shown that the alleged misrepresentations are "inconsistent with a contract provision that specifically addressed the particular point at issue."

Turner, 809 F.2d at 97. The integration clause is general and does not disclaim any reliance on representations about the assets being sold. As such, the Court concludes that defendant has demonstrated materiality under Fed.R.Civ.P. 56(d). Evidence of fraudulent inducement or material breach has a direct bearing on defendant's obligations under the Note. Summary judgment at this stage is premature.

Finally, the Court rejects plaintiff's assertion that the statute of limitations bars Eteros from raising fraudulent inducement as a defense. The statute of limitations bars actions, not defenses. United States v. Western Pac. R.R. Co., 352 U.S. 59, 72, 77 (1956) ("To use the statute of limitations to cut off the consideration of a particular defense in the case is quite foreign to the policy of preventing the commencement of stale litigation.").

**ORDER**

For the foregoing reasons, the Motion for Summary Judgment (Docket No. 5) is **DENIED** without prejudice.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated September 16, 2026